UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| RAFAEL MALDONADO ROSETE, individually and on behalf of others similarly situated, et al., <br><br> Plaintiffs, <br><br> -against- <br><br> AANGAN OF INDIA LLC d/b/a AANGAN, et al., <br><br> Defendants. | 20-CV-9598 (JGLC) (SLC) <br><br> **ORDER ADOPTING REPORT AND RECOMMENDATION** |

JESSICA G. L. CLARKE, United States District Judge:

This inquest on damages was referred to Magistrate Judge Cave for a Report and Recommendation. *See* ECF No. 112. In the Report and Recommendation filed on July 22, 2024, Judge Cave recommended that Plaintiffs Rafael Maldonado Rosete ("Maldonado"), Carlos Saldaña Villanueva ("C. Saldaña"), and Venancio Saldaña Villanueva ("V. Saldaña," together with Maldonado and C. Saldaña, "Plaintiffs") be awarded a default judgment against Royal Kabab and Curry, Inc., Rym Foods LLC, Nitu Singh, and Dicosta Doe (the "Defaulting Defendants") in certain amounts. *See* ECF No. 181 at 51–52. Judge Cave further recommended that the Clerk of Court be directed to vacate the certificate of default and default judgment as to Aangan of India LLC and that the claims against Ashish Bawa be dismissed with prejudice. *Id*. at 52.

In reviewing a Report and Recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). A district court "must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); *see also United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997). To accept those portions of the report to

which no timely objection has been made, however, a district court need only satisfy itself that there is no clear error on the face of the record. *See, e.g.*, *Wilds v. United Parcel Serv.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003). This clearly erroneous standard also applies when a party makes only conclusory or general objections, or simply reiterates his original arguments. *See, e.g.*, *Ortiz v. Barkley*, 558 F. Supp. 2d 444, 451 (S.D.N.Y. 2008).

In the present case, the Report and Recommendation advised the parties that they had fourteen days from service of the Report and Recommendation to file any objections, and warned that failure to timely file such objections would result in waiver of any right to object. *See* ECF No. 181 at 54. The Report and Recommendation also ordered Plaintiffs to serve a copy of the Report and Recommendation on the Defaulting Defendants and file proof of service on the docket by July 24, 2024. *Id*. at 53. Plaintiffs failed to file proof of service. On August 5, 2024, Judge Cave *sua sponte* extended the deadline and ordered Plaintiffs to file proof of service of the Report and Recommendation on the Defaulting Defendants by August 7, 2024. ECF No. 182. The same day, Plaintiffs filed a certificate of service. ECF No. 183.

In addition, the Report and Recommendation expressly called the parties' attention to Rule 72 of the Federal Rules of Civil Procedure and 28 U.S.C. § 636(b)(1). Nevertheless, as of the date of this Order, no objections have been filed and no request for an extension of time to object has been made. Accordingly, the parties have waived the right to object to the Report and Recommendation or to obtain appellate review. *See Frank v. Johnson*, 968 F.2d 298, 300 (2d Cir. 1992).

Despite the waiver, the Court has reviewed the Report and Recommendation, unguided by objections, and finds the Report and Recommendation to be well reasoned and grounded in fact and law. Accordingly, the Report and Recommendation is ADOPTED in its entirety.

The Clerk of Court is directed to enter a default judgment against the Defaulting Defendants and in favor of Plaintiffs as follows:

1. Maldonado is awarded:

    a. Compensatory damages in the amount of $34,884.46, consisting of $32,440.11 in Straight Time Wages, $234.35 in spread-of-hours wages, and $2,210.00 for tools of the trade purchases;

    b. Liquidated damages in the amount of $32,674.46;

    c. Pre-judgment interest on his Straight Time Wages ($32,440.11) and spread-of-hours wages ($234.35), together, $32,674.46, at a rate of nine percent per year from February 4, 2020 through the date of entry of judgment; and

    d. Post-judgment interest pursuant to 28 U.S.C. § 1961.

2. C. Saldaña is awarded:

    a. Compensatory damages in the amount of $44,640.00, consisting of $14,725.00 in Straight Time Wages, $25,993.61 in overtime damages, and $3,921.39 in spread-of-hours damages;

    b. Liquidated damages in the amount of $44,640.00;

    c. Pre-judgment interest on his Straight Time Wages ($14,725.00), overtime damages ($25,993.61), and spread-of-hours damages ($3,921.39), together, $44,640.00, at a rate of nine percent per year from May 2, 2020 to the date of entry of judgment; and

    d. Post-judgment interest pursuant to 28 U.S.C. § 1961.

3. V. Saldaña is awarded:

    a. Compensatory damages in the amount of $127,574.67, consisting of $74,031.90 in Straight Time Wages, $46,907.06 in overtime damages, $4,695.71 in spread-of-hours damages, and $1,940.00 for tools of the trade purchases;

    b. Liquidated damages in the amount of $125,634.67;

    c. Pre-judgment interest on his Straight Time Wages ($74,031.90), overtime damages ($46,907.06), and spread-of-hours damages ($4,695.71), together, $125,634.67, at a rate of nine percent per year from March 7, 2018 through the date of entry of judgment; and

    d. Post-judgment interest pursuant to 28 U.S.C. § 1961.

4. Plaintiffs are awarded attorneys' fees in the amount of $3,292.00.

5. Plaintiffs are awarded costs in the amount of $2,367.60.

6. Pursuant to NYLL § 198(4), an automatic increase of judgment is applied to damages awarded under the NYLL that remain unpaid upon the expiration of 90 days following issuance of judgment, or 90 days after expiration of the time to appeal, and no appeal is then pending, whichever is later.

Additionally, Plaintiffs' claims for statutory damages under the WTPA are DISMISSED with prejudice for lack of standing. Plaintiffs' claims against Bawa are also DISMISSED with prejudice. The Clerk of Court is directed to vacate the certificate of default (ECF No. 88) and default judgment (ECF No. 131) as to Aangan of India LLC. The Clerk of Court is respectfully directed to close the case.

   SO ORDERED.

Dated: August 20, 2024
       New York, New York

*Jessica Clarke*
JESSICA G. L. CLARKE
United States District Judge